## (March 30, 1970)

■ ABRAHAM TORRES, JR., Plaintiff, v. TRANSAMERICAN FREIGHT LINE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. JOSE ROLON, Third-Party Defendant; AVELINO RODRIGUEZ, Doing Business as DATAMERICAN INSTITUTE, Third-Party Defendant-Appellant.— Order dated March 11, 1969, denying third-party defendant's motion to dismiss third-party complaint affirmed, with $50 costs and disbursements to respondents. The accident is sufficiently described in the dissenting opinion, as are the pleadings. The applicable rules are not in dispute; the difficulty lies in their application. Primarily, the distinction between what is "active" and what is "passive" negligence is subject to so many variables that no comprehensive definition is possible (cf. *Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426). At the pleading stage it is generally the unusual case in which it can be definitely stated that liability can be predicated on active negligence solely. This has given rise to the rule that if on any reasonable construction of the complaint recovery can be had on the ground of passive negligence, the determination should await the trial (*Sheridan* v. *City of New York*, 27 A D 2d 833). Here, while the complaint alleges what appears to be active negligence, the bill of particulars gives clear indication that what may be proved will be passive. It would be contrary to all our rules of practice that plaintiff would be nonsuited if that is what be established. Consequently it would be equally unfair to deprive defendant of his claim over by construing

the complaint strictly as regards him but liberally as regards the plaintiff. Concur — Capozzoli, J. P., McGivern and Steuer, JJ.; McNally and Tilzer, JJ., dissent in the following memorandum by McNally, J.: The order should be reversed and the motion to dismiss the third party complaint granted. In this action for personal injuries, the complaint alleges that on November 7, 1967 plaintiff was struck by a heavy crate or box which fell from a truck owned by defendant Transamerican ·Freight Line, Inc., as it was being unloaded by defendant Kruck, an employee of Transamerican. Negligence in unloading is alleged to have caused the occurrence. Transamerican and Kruck by third-party complaint plead a claim over against the third-party defendant Avelino Rodriguez alleging any recovery by plaintiff will be based solely on the active negligence of Rodriguez. Paragraph 13 of the third-party complaint alleges: " third-party defendant Avelino Rodriguez, with plaintiff, acting as his employee(s), was in control of and actually engaged in the unloading of the freight shipment from the motor vehicle at the time of the accident referred to in the complaint." A third-party complaint lies if the third-party defendant " is or may be liable to [third-party plaintiff] for all or part of the plaintiff's claim against him " (CPLR 1007). The allegations of the third-party complaint herein are incompatible with the allegations of the complaint and exclude liability on the part of Transamerican and Kruck. If, as alleged in the third-party complaint, Rodriguez was in control of the unloading, then plaintiff may not recover against Transamerican and Kruck, and, consequently, there is no basis for a claim over against Rodriguez. *Coffey* v. *Flower City Carting & Excavating Co.* (2 A D 2d 191, 192, affd. 2 N Y 2d 898) is a case in point. In that case, plaintiff was injured while unloading steel beams from a truck furnished by defendant carting company to plaintiff's employer. The defendant's third-party complaint against plaintiff's employer alleged that the sole responsibility of defendant was to transport the steel in a proper truck operated by a competent driver, and that the third-party defendant had complete and actual control of the loading and unloading. The same claim is made in the instant third-party complaint. On those allegations, *Coffey* held that the defendant would not be liable to the plaintiff except for its own active negligence; if the third-party defendant was negligent in the loading and maintenance, the defendant, out of control, had no duty with reference to the plaintiff. On the other hand, if the defendant itself created the dangerous condition, then it was actively negligent and liable to the plaintiff. The third-party complaint was dismissed. In addition, the complaint herein alleges the unloading was by Transamerican and Kruck. The allegations of the complaint are conclusive on the right to implead. In the instant case, the complaint charges only active negligence. (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 459.) If plaintiff sustains his allegations, then the third-party plaintiffs will have been found to be actively negligent, in which case they are not entitled to indemnity. (*Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446; *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426; *Putvin* v. *Buffalo Elec. Co.*, supra.)